In re: Estate of Lisa L. Namiot, No. 351-5-10 Rdcv (Teachout, J., Sept. 17, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
Rutland Unit                                      Docket No. 351-5-10 Rdcv


In re: ESTATE OF LISA L. NAMIOT


Notice of Decision
Appeal from Probate Court of Appointment of Administratrix


Lisa L. Namiot died April 4, 2010, leaving three minor children. On April 8, 2010, her mother, Dolores French, was appointed Administratrix of her Estate. The order appointing Ms. French was appealed to the Civil Division by Paul Graham, Sr., the father of the three children.

The matter came before the Civil Division for a de novo hearing on September 14, 2010. Ms. French was present and represented herself, and requested that she be appointed administratrix. Mr. Graham, Sr., Appellant, was present and represented himself. He asked the Court to appoint as administrator Paul Graham, Jr., his son. On August 25, 2010, Paul Graham, Jr. and his wife Jenifer Graham were appointed Co-Guardians of the decedent's three children, who are the apparent beneficiaries of the Estate. Paul Graham, Jr. was also present, and requested that he be appointed administrator.

Both Dolores French, mother of the decedent, and Paul Graham, Jr., in his capacity as co-guardian of the decedent's minor children, qualify as next of kin for purposes of consideration as potential administrators under 14 V.S.A. § 903 (2).

The court heard evidence from witnesses, including both proposed administrators. At the conclusion of the hearing, the Court delivered findings and conclusions orally on the record. The Court considered whether each proposed administrator was able to administer the estate fairly and impartially, given their personal financial interests and their other roles and relationships with the minor children, other family members, and each other. There was considerable conflicting testimony concerning the potential size of the estate (from $2,000 to hundreds of thousands of dollars), and concerning possible claims that may or may not exist against Ms. French for acts before and during her period of temporary administration. Significant challenges were made to the credibility of Ms. French and the truthfulness of her reports to the Probate Court, and the Court did not find her responses to such challenges to be entirely credible.

The Court concluded, for reasons stated more fully on the record, that both proposed administrators have personal financial interests that conflict adversely with the interests of the beneficiaries to such a degree that neither would be able to administer the estate for the benefit of the beneficiaries in a fair and impartial manner. *In re Watkins' Estate,* 114 Vt. 109, 122, 140 (1944). Therefore, the Court concludes that both proposed administrators are unsuitable under 14 V.S.A. § 903 (2).

There is no evidence that there are any creditors of the estate in a position to be appointed administrator under 14 V.S.A. § 903 (3). Therefore,

IT IS HEREBY ORDERED that the matter is remanded to the Probate Court for appointment under 14 V.S.A. § 903 (3) of a neutral, third party person to administer the estate who does not have personal interests that would conflict and interfere with the obligation of an administrator to be fair and impartial.

Dated at Rutland this 15th day of September, 2010.

_____
Hon. Mary Miles Teachout
Superior Judge